IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **CARLOS ADRIAN DELGADILLO**, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> **FCA US LLC**, a Delaware registered company, <br><br> *Defendant*. | Case No. <br><br> CLASS ACTION COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

## **CLASS ACTION COMPLAINT**

Plaintiff Carlos Adrian Delgadillo ("Plaintiff Delgadillo" or "Delgadillo") brings this Class Action Complaint and Demand for Jury Trial against Defendant FCA US LLC ("Defendant" or "FCA US") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing pre-recorded calls without consent to a group of individuals to whom the message is not applicable and that requested not to receive the calls. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Delgadillo, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

1

## PARTIES

1. Plaintiff Carlos Adrian Delgadillo is a resident of Mansfield, Texas.

2. Defendant FCA US is a Delaware registered company headquartered in Auburn Hills, Michigan. Defendant FCA US conducts business throughout this throughout Michigan and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227.

4. This Court has personal jurisdiction over the Defendant because the Defendant has its headquarters located in this state.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's

representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.5 billion robocalls were placed in November 2023 alone, at a rate of 150.2 million per day. www.robocallindex.com (last visited December 3, 2023).

11. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

3

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant FCA US LLC operates the d/b/a Fiat Chrysler Automobiles.[3]

15. FCA US designs, engineers, manufactures, distributes, and sells vehicles under brands such as Dodge, Jeep, Chrysler, Ram and more.[4]

16. FCA US notifies consumers when there is a product recall for one of its vehicles.

17. FCA US places pre-recorded calls to consumers to notify them about product recalls, as per Plaintiff's experience.

18. While pre-recorded calls designed to notify consumers about important product recalls like air bag recalls for their Chrysler car are important, Defendant is calling a whole host of individuals who never owned a car that the recall is relevant to like the Plaintiff in this case.

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.nlrb.gov/case/07-CA-140162
[4] https://www.globaldata.com/company-profile/fca-us-llc/

4

19. Furthermore, FCA US continues to call these consumers despite all of their best efforts to opt-out of these calls using FCA US's own opt-out mechanisms or by calling the Defendant and speaking to a live agent demanding the calls stop, leaving consumers in an endless doom loop of prerecorded calls they cannot exit from.

20. Consumers have captured and posted pre-recorded calls they received from FCA US online, from the same phone number Defendant used to call Plaintiff, including:

**Typical Messages**

> Please hold for urgent airbag. Recall information from Pierre carpet, we will be with you shortly. This is S C a recall T with an urgent message about an airbag recall affecting your vehicle due to the severity of the defect please call us or your local Chrysler Dodge Jeep or Ram dealership now to schedule your free repair you can contact us toll free at 1-833-585-0144 between 8:00 AM and 7:00 PM eastern standard time Monday through Friday or contact your local Chrysler Dodge Jeep or Rambler directly your dealership will replace your passenger's side airbag for free our number. Again is 1-833-585-0144 we are concerned for your safety. Thank you. I looked up on your contract and also single also single so I don't know about the.

> Please hold for urgent airbag recall information from SEAT Chrysler. We will be with you shortly. This is the SDA recall team with an urgent message about an airbag recall affecting your vehicle. Due to the severity of this effect, please call us or your local Chrysler, Dodge, Jeep, or Ram dealership now. To schedule your free repair, you can contact us toll free at 18335850144 between 8 a.m. and 17 p.m. Eastern Standard Time, Monday through Friday, or contact your local Chrysler, Dodge, Jeep, or Ram dealer directly. Your dealership will replace your driver's side airbag for free. Our number again is 1-833-585-0144. We are concerned for your safety. Thank you. Este es el equipo de retiro de SDA comunicándose con usted para informarles sobre un retiro de gente de voces de aire que afecte su vehículo para programar su reparación de resolución.

> The fta(?) recall team contacting you about an urgent air bag recall affecting your vehicle. To schedule your free recall repair contact us toll free at 1-833-585-0144 between 8:00 AM and 7:00 PM Eastern Standard Time Monday through Friday or contact your local Chrysler Dodge Jeep or ram dealer directly to your dealership to replace your passenger side air bag for free. Our number again is 1-833-585-0144. We are concerned for your safety. Thank you.

---

[5] https://directory.youmail.com/phone/833-585-0144

21. Not only does the Defendant not have any consent to call a whole host of consumers like the Plaintiff before placing pre-recorded calls to them, but Defendant is calling consumers who never had the type of car the Defendant is calling about in the first place.

22. Many consumers have posted complaints online about unwanted calls, including pre-recorded calls that they received from Defendant FCA US regarding recalls that are not relevant to them at all, including complaints where the consumers told FCA US to stop calling, such as:

- "They've been calling for over a year. ***I tell them to stop and they do for a week then they start calling again***. 2 x a day."[6] (emphasis added)
- "***This number keeps calling after I repeatedly told them they were calling the wrong number***. They keep saying we'll take you off the list but apparently not. So annoying! Fix things properly!"[7] (emphasis added)
- "Air bag recall on a vehicle I've never had"[8]
- "it's for a vehicle I no longer have and I also thought I canceled robo blocker hmmm"[9]
- "They left a message saying they were from Fiat/Chrysler calling about several recalls on my 2008 Chrysler and I should call back right away. The last time I had a Chrysler was a van I happily traded in 1999 after Chrysler paid to replace the transmission 3 times under the warranty."[10]
- "have been getting these calls for over 5 years multiples calls a day at a Hospital Emergency Department ***have repeated asked them to put***

---

[6] https://directory.youmail.com/phone/833-585-0144&hl=en&gl=us
[7] Id.
[8] https://lookup.robokiller.com/p/833-585-0144
[9] Id.
[10] https://800notes.com/Phone.aspx/1-833-585-0144/5&hl=en&gl=us

6

*me on the do not call list and remove the ED number everyone states they will and still getting calls*"[11] (emphasis added)

- "Keep calling me about a airbag recall. **I told them I haven't had the truck for over four years and they still call my phone constantly**. I blocked their number but now they fill up my voicemail. I was told the dealership shows I am the last one who owns the truck. I called the dealership and was told it is spam and they are trying to get my information. The dealership tried to call them and they won't answer the phone."[12] (emphasis added)

- "I received a lengthy and slurred message on voicemail, only some of which I could understand after listening to it over and over. It's regarding a 2006 Chrysler 300 driver and passenger air bag recall. Really? This is 2022 and they're just now recalling air bag assemblies from 16 years ago?! Oh sure. I don't own a Chrysler and never have. I went to the Stellantis website and the contact number they list for Chrysler is not the number given in the voicemail recording. I'm on the Do Not Call registry, but these scammers don't care. I will block them through my phone provider, because they're probably going to keep calling until I do."[13]

23. In response to these calls, Plaintiff Delgadillo brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF DELGADILLO'S ALLEGATIONS

24. Plaintiff Delgadillo is the sole owner and user of his cell phone number ending in 5322.

---

[11] Id.
[12] Id.
[13] Id.

25. Throughout 2023, Plaintiff Delgadillo has received unwanted pre-recorded calls and pre-recorded voicemails from the Defendant to his cell phone notifying him of an airbag recall for a Chrysler vehicle.

26. Plaintiff Delgadillo has not owned a Chrysler vehicle for at least 30 years. He does not know why he is receiving these calls.

27. Plaintiff received the following calls from the Defendant to his cell phone, the majority of which left a pre-recorded voicemail. All of these calls were from 833-585-0144 and none of them were answered:

- May 15, 2023 at 3:31 PM and 3:58 PM
- May 19, 2023 at 10:10 AM
- May 22, 2023 at 2:04 PM and 3:56 PM
- May 29, 2023 at 4:06 PM
- May 30, 2023 at 8:04 AM
- June 5, 2023 at 9:04 AM and 3:55 PM
- June 9, 2023 at 9:31 AM
- June 12, 2023 at 3:57 PM and 5:12 PM
- June 22, 2023 at 9:00 AM

28. On June 22, 2023 at 2:35 PM, Plaintiff Delgadillo called 833-585-0144. He got through to an employee and complained about the unwanted calls he was receiving, demanding they stop calling his cell phone number. He then asked to speak to a supervisor, but he couldn't get through to one because he was told that a supervisor was not available.

29. Despite his stop request, Plaintiff Delgadillo received 2 additional calls from the Defendant to his cell phone from 833-585-0144 on June 27, 2023 at 9:18 AM and 1:32 PM.

30. Neither of these calls were answered and both resulted in receiving a pre-recorded voicemail.

31. Frustrated by the calls, Plaintiff Delgadillo called 833-585-0144 on June 27, 2023 at 3:25 PM.

32. Plaintiff was told be an employee that his cell phone number had already been removed from Defendant's call list.

33. Plaintiff Delgadillo asked to speak to a supervisor because the calls had not stopped but he was not called back.

34. Plaintiff Delgadillo then received additional calls that he did not answer which mostly resulted in pre-recorded voicemails, all from 833-585-0144 including:

- June 30, 2023 at 9:25 AM
- July 7, 2023 at 8:50 AM
- July 10, 2023 at 3:47 PM
- July 11, 2023 at 2:39 PM
- July 17, 2023 at 2:46 PM, 3:43 PM

35. Plaintiff Delgadillo called 833-585-0144 on July 17, 2023 at 6:14 PM but he was not connected to a live agent.

36. On July 24, 2023 at 2:31 PM and again at 3:44 PM, Plaintiff received 2 more unwanted calls to his cell phone from the Defendant, both of which were not

answered and both of which resulted in receiving a pre-recorded voicemail message from 833-585-0144.

37. On July 24, 2023 at 6:01 PM, Plaintiff called 833-585-0144. He waited until he was connected to an employee and placed another demand for the pre-recorded calls to stop.

38. Plaintiff Delgadillo was assured that his information was removed from Defendant's calling system, but Plaintiff insisted on speaking to a supervisor. When one was not available, he asked to have a supervisor call to make sure the pre-recorded voicemail calls would stop.

39. Despite his request, Plaintiff Delgadillo did not receive a call from a supervisor.

40. Plaintiff Delgadillo then received additional calls that he did not answer which mostly resulted in pre-recorded voicemails, all from 833-585-0144 including:

- July 27, 2023 at 10:23 AM
- July 31, 2023 at 2:24 PM and 3:38 PM
- August 2, 2023 at 9:57 AM
- August 7, 2023 at 3:28 PM
- August 10, 2023 at 10:39 AM

41. On August 11, 2023 at 3:15 PM, Plaintiff Delgadillo called 833-585-0144 to try once again to ask the Defendant to stop calling his cell phone. He was unable to get through to a live agent.

42. At 3:17 PM on August 11, 2023, Plaintiff Delgadillo called 833-585-0144 again. He was connected to an employee and complained once more about the unwanted pre-recorded calls he was receiving, asking for the calls to stop. The employee claimed that Plaintiff's information was not in the system so the calls should stop.

43. Plaintiff Delgadillo then received additional calls that he did not answer which mostly resulted in pre-recorded voicemails, all from 833-585-0144 including:

- August 14, 2023 at 1:38 PM and 3:36 PM
- August 21, 2023 at 1:33 PM and 3:35 PM
- August 23, 2023 at 10:42 AM
- August 28, 2023 at 1:09 PM and 3:39 PM
- September 4, 2023 at 3:39 PM and 4:27 PM
- September 11, 2023 at 9:14 AM and 3:01 PM
- September 14, 2023 at 10:56 AM
- September 18, 2023 at 2:55 PM and 3:07 PM
- September 25, 2023 at 1:40 PM
- September 26, 2023 at 1:18 PM
- October 2, 2023 at 10:54 AM and 2:56 PM
- October 5, 2023 at 10:47 AM
- October 9, 2023 at 3:34 PM
- October 10, 2023 at 1:37 PM
- October 16, 2023 at 3:25 PM
- October 24, 2023 at 1:10 PM
- October 30, 2023 at 3:35 PM
- October 31, 2023 at 1:27 PM
- November 2, 2023 at 11:53 AM
- November 6, 2023 at 3:28 PM
- November 7, 2023 at 12:55 PM
- November 9, 2023 at 12:52 PM
- November 14, 2023 at 9:36 AM and 11:39 AM
- November 15, 2023 at 2:55 PM

- November 20, 2023 at 3:36 PM and 3:57 PM
- November 21, 2023 at 1:00 PM
- November 27, 2023 at 3:25 PM
- November 28, 2023 at 12:38 PM
- November 29, 2023 at 12:12 PM
- December 4, 2023 at 3:20 PM
- December 5, 2023 at 12:14 PM
- December 6, 2023 at 12:24 PM
- December 11, 2023 at 3:14 PM
- December 12, 2023 at 12:06 PM
- December 13, 2023 at 12:14 PM
- December 18, 2023 at 5:46 PM
- December 19, 2023 at 11:49 AM
- December 20, 2023 at 11:34 AM
- December 25, 2023 at 3:25 PM
- December 26, 2023 at 12:17 PM

44. 833-585-0144 is owned and operated by Defendant FCA US:

## Stop-drive: Urgent Need for Service - Call 833-585-0144

NEWS PROVIDED BY
**FCA US LLC** →
11 Jul, 2023, 10:10 ET

SHARE THIS ARTICLE

   



AUBURN HILLS, Mich., July 11, 2023 /PRNewswire/ -- A May 13, 2023, traffic fatality has been potentially linked to the ongoing Takata airbag inflator recall.

FCA US LLC urges owners or custodians of recalled, yet unrepaired model-year 2003 "Dodge Ram" pickups – of which there are an estimated 29,000 still on U.S. roads – to immediately stop driving those vehicles and contact a dealer or the company to determine their recall status.

[14]

---

[14] https://www.prnewswire.com/news-releases/stop-drive-urgent-need-for-service--call-833-585-0144-301874130.html




**Statement: Urgent Need for Service; Call 833-585-0144**
**December 19, 2022 , Auburn Hills, Mich. -** FCA US LLC urges owners or custodians of certain older-model Dodge and Chrysler vehicles with unaddressed Takata driver-side air-bag recalls, to immediately stop driving them and contact the Company to obtain the required repair – free of charge.[15]

45. Plaintiff Delgadillo believes all of the voicemails that he received were pre-recorded because they were identical to each other in speech and content, sounded scripted, contained nothing specific about Plaintiff and because the voicemails are similar if not the same as voicemails that have been posted online.

46. Plaintiff never provided consent for Defendant FCA US to place pre-recorded calls to his cell phone number.

47. The unauthorized telephone calls that Plaintiff received from or on behalf of Defendant has harmed Plaintiff Delgadillo in the form of annoyance, nuisance, and invasion of privacy, occupied his phone memory, and disturbed the use and enjoyment of his phone.

48. In addition, Plaintiff had to spend considerable time calling the Defendant so he could ask for the calls to stop.

---

[15] https://media.stellantisnorthamerica.com/newsrelease.do?id=24518&mid=431

49. Seeking redress for these injuries, Plaintiff Delgadillo, on behalf of himself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

50. Plaintiff Delgadillo brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons and entities throughout the United States (1) to whom Defendant placed a call in connection with a recall, (2) directed to a number assigned to a cellular telephone service, (3) with an artificial or prerecorded voice, (4) from four years prior to the filing of this action through the date of class certification (5) where the consumer did not own the vehicle identified in the prerecorded call.
>
> **Pre-recorded Stop Call Class:** All persons and entities throughout the United States (1) to whom Defendant placed a call in connection with a recall, (2) directed to a number assigned to a cellular telephone service, (3) with an artificial or prerecorded voice, (4) after Defendant's records reflect that the consumer made a request for the calls to stop, (5) from four years prior to the filing of this action through the date of class certification.

51. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally

adjudicated and/or released. Plaintiff Delgadillo anticipates the need to amend the Class definition following appropriate discovery.

52. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable, and Plaintiff is a member of the Classes.

53. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   (a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

   (b) whether the calls constitute a violation of the TCPA;

   (c) whether Defendant continued to place pre-recorded voice message calls to Plaintiff and members of the Pre-recorded Stop Call Class after being told to stop calling;

   (d) whether members of the Classes are entitled to treble damages based on the wilfulness of Defendant's conduct.

54. **Adequate Representation**: Plaintiff Delgadillo will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Delgadillo has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff Delgadillo and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Delgadillo nor his counsel have any interest adverse to the Classes.

55. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Delgadillo. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's

misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Delgadillo and the Pre-recorded No Consent Class)**

56. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

57. Defendant transmitted unwanted telephone calls to Plaintiff Delgadillo and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

58. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

59. The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## SECOND CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Delgadillo and the Pre-recorded Stop Call Class)**

60. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

61. Defendant transmitted unwanted telephone calls to Plaintiff Delgadillo and the other members of the Pre-recorded Stop Call Class using a pre-recorded voice message *after* Defendant the person informed FCA US that s/he no longer wished to receive pre-recorded calls from FCA US.

62. By placing pre-recorded calls to Plainitff and members of the Pre-recorded Stop Call Class's cellular telephones *after* they requested to no longer receive call, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by continuing to call without express.

63. As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded Stop Call Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

   a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all pre-recorded calling activity that is done without proper consent, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Delgadillo requests a jury trial.

**CARLOS ADRIAN DELGADILLO**,

individually and on behalf of all others similarly situated,

DATED this 7th day of January, 2024.

By: /s/ *Stefan Coleman*
Stefan Coleman
law@stefancoleman.com
Coleman PLLC
66 West Flagler Street, Suite 900
Miami, FL 33130
Telephone: (877) 333-9427

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

George T. Blackmore* (P76942)

Apex Law
32900 Five Mile Road
Livonia, MI 48154
734-888-8399
Fax: 734-418-3686
Email: gblackmore@apexgrouplaw.com

*Attorneys for Plaintiff and the putative Classes*

*\*Local counsel*