UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CARLOS ADRIAN DELGADILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No. 2:24-cv-10039-NGE-KGA<br><br>Hon. Nancy G. Edmunds |

**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS**

The parties agree it may be necessary in the course of discovery to disclose information and documents containing confidential or proprietary information. The parties have thus jointly requested the entry of this Stipulated Protective Order Regarding Confidentiality and Return of Documents ("Order") to govern and limit the disclosure, dissemination, and use of information designated as "Confidential."

This Order's purposes are to: (1) provide protections for documents or information designated as "Confidential"; (2) protect such documents and information from disclosure outside this litigation; (3) ensure they are used only for purposes of prosecuting or defending this action and any appeals; and (4) facilitate the prompt resolution of disputes over confidentiality and privilege.

The parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery, nor does it entitle them (or any non-party) to file confidential or proprietary information under seal without following the procedures set forth in E.D. Mich. LR 5.3.

In support of their request for entry of this Order, the parties state that the protection of certain information is necessary because it is confidential, proprietary, of a competitively valuable nature, or otherwise subject to protection from disclosure. Disclosure would, among other things, allow competitors in the economic marketplace to unfairly gain insight into certain processes and procedures that could be used to refine the competitors' own processes, procedures, and products, giving them a competitive advantage that would not come from their own ingenuity, intellect, and efforts, but from the unfair and improper disclosure of confidential and proprietary information to the public at large.

Accordingly, for good cause shown, and upon the stipulation of the parties, the Court grants the parties' request and hereby enters this Order to direct the handling of documents, depositions, exhibits, information or things disclosed or produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and any other information or material that is produced, given, or exchanged by or among the parties and any non-

parties, whether by formal process, agreement, or otherwise, in connection with the above-captioned action ("Action"). It is hereby ORDERED:

1. **Scope.** All materials produced in the course of discovery, including but not limited to initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter "documents"), shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used herein, "Confidential Information" means information, materials, and/or documents the designating party and its counsel in good faith belief contain or reflect research and development efforts, financial or commercial information, other proprietary and knowledge or data, or personal information regarding individuals. The designation of a document as containing Confidential Information shall be limited to such documents that have not been made public and that the designating party in good faith believes will, if disclosed, have the effect of causing harm to its business, competitive economic position, or the personal privacy of an individual.

3. **Designation.** Any party may designate any document for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a

manner that does not interfere with its legibility. The designation of a document as containing Confidential Information is a certification by an attorney or party that the document contains Confidential Information as defined in this order.

Documents produced electronically, on DVD, on CD, or through other media, may be designated for protection under this Order by placing the electronic file in an electronic folder labeled "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or similarly labelling the media itself. All copies of documents marked "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be marked as such, except indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of designated documents and do not otherwise reveal the Confidential Information are not required to be marked.

4. **Depositions.** Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the thirtieth day after the transcript is delivered to the party or the witness. Within this time period, a party may serve a notice to all parties of record as to specific portions of the testimony that are designated as containing Confidential Information, and thereafter only those portions identified in the notice shall be protected by the terms of this Order.

5. **Protection of Confidential Material.**

(a) **General Protections.** Confidential Information shall not be disclosed to any person except in accordance with this Order and shall be used or disclosed solely for purposes of prosecuting or defending this Action, including any appeals, and not for any business, personal, or other purpose whatsoever. A person or entity receiving Confidential Information must: (1) maintain such information in confidence using the same degree of care it would use in safeguarding its own confidential or proprietary information, but in no event less than a reasonable degree of care; (2) use such Confidential Information only for the purposes described herein; and (3) prevent the disclosure of such information to third parties in accordance with this Order.

(b) **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity, except the following categories of persons may be allowed to review Confidential Information:

(1) The Court and its staff, including court reporters and translators;

(2) Attorneys of record and in-house attorneys in the Action, as well as the attorneys, paralegals, and clerical and secretarial staff employed by and working for such attorneys;

(3) The parties and the officers, directors, in-house attorneys, or employees of the parties who are actively involved in the Action or who are otherwise necessary to aid the attorneys of record in the Action;

(4) Court reporters and videographers engaged in the Action;

(5) Any deposition, trial, or hearing witness in the Action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6) Any expert witness or consultant, which terms shall mean a person who has been retained by one of the parties in good faith to serve as an expert witness or consultant (whether or not retained to testify at trial) in connection with this Action, including any person working directly under the supervision of any such expert witness or consultant, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) The author or recipient of the document (not including a person who received the document in the course of litigation);

(8) Any persons or entities providing litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) or mock juries, and their employees and subcontractors; and

(9) Any other persons only by written consent of the producing party or order of the Court, on such conditions as may be agreed or ordered.

(c) **Control of Documents.** The parties and their counsel shall make all reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as containing Confidential Information after it was initially produced, the receiving party, on notification of the designation, must assure the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material

was not been designated as containing Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated as such.

7.     **Filing of Confidential Information.**  Without written permission from the designating party or a court order secured after appropriate notice to all interested persons, a receiving party may not file in the public record any Confidential Information.  In the event a party seeks to file a document containing Confidential Information, that party must take appropriate action to ensure the Confidential Information receives proper protection from public disclosure, which may include: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) submitting the document solely for in camera review where appropriate (*e.g.*, in relation to discovery or evidentiary motions); or (3) obtaining permission to file the document under seal pursuant to the procedures set forth in E.D. Mich. LR 5.3.

If a receiving party intends to file any document containing Confidential Information, it must give the designating party reasonable written notice, not less than five business days prior to the anticipated filing, of the specific documents/materials/information to be filed.  The parties shall then meet and confer in a good faith attempt to reach an agreement regarding the appropriate measures to protect Confidential Information from public disclosure.  If an agreement is reached,

the parties may file a stipulation seeking leave to file under seal pursuant to E.D. Mich. LR 5.3. If an agreement is not reached, then the designating party may file a motion for leave to file under seal pursuant to E.D. Mich. LR 5.3. If a motion for leave to file under seal is filed but not ruled upon by the Court before the intended filing date, the receiving party may proceed with the planned filing but, pursuant to E.D. Mich. LR 5.3(b)(3)(B), must exclude or redact any Confidential Information from the public filing pending the ruling on the motion for leave to file under seal.

8. **Challenges by a Party to Designation as Confidential Information.** If a receiving party reasonably and in good faith believes any document or material designated as containing Confidential Information has been misclassified or should not be subject to this Order, that party must notify the designating party in writing and provide a description of the material at issue by Bates number and a statement of the basis for the challenge. Counsel for the parties shall confer in good faith to resolve any dispute concerning such designation. If the parties are unable to resolve the dispute, any party may move for a determination as to whether the designation is appropriate. The specified document shall continue to be treated as containing Confidential Information pending resolution by the Court.

9. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates

another party may present Confidential Information at a hearing or trial shall raise the issue by motion or in a pretrial memorandum without disclosing the Confidential Information.  The Court may thereafter make the necessary order(s) to govern the use of the Confidential Information at trial.

10. **Confidential Information Subpoenaed in Other Litigation.**  If a receiving party is served with a subpoena issued in other litigation that compels the disclosure of Confidential Information produced by another party or non-party, the receiving party must: (1) promptly notify in writing the designating party including providing a copy of the subpoena; (2) promptly notify in writing the party who caused the subpoena to issue in the other litigation that some or all of the material covered by the subpoena is subject to this Order and such notification shall include a copy of this Order; and (3) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected information may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena shall not produce any Confidential Information before a determination by the court from which the subpoena was issued unless otherwise agreed to by the designating party absent an alternative directive or order of a court with competent jurisdiction.  Nothing in this Order shall be construed as authorizing or requiring a party to disobey a lawful subpoena issued in other litigation.

11. **Obligations on Conclusion of Litigation.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Within ninety days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party it has done so.

Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information; and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected, and its use limited, under this Order.

12. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination any material designated Confidential Information by counsel or the parties is entitled to protection under Federal Rules of Civil Procedure 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

14. **Disclosure of Confidential Documents Pursuant to Law.** The production of Confidential Information by any party or non-party shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have. The terms of this Order do not preclude FCA US from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration (NHTSA), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966, 49 U.S.C. § 30101, *et seq.*

15. **Inadvertent Disclosure of Documents Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any document or information that is subject to a claim of attorney-client privilege, work

product protection, or any other ground on which the production of such information should be withheld will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, a claim of privilege, work product protection, or any other ground for withholding production that the producing party would otherwise be entitled to. All facially privileged or work product documents inadvertently produced shall be returned or destroyed promptly when discovered with notice to the producing party. Any other inadvertently produced privileged or protected documents shall be returned or destroyed promptly upon the request of the producing party. Upon receiving such a request, the receiving party must return the documents to the producing party, or confirm the destruction of the documents, within three business days, regardless of whether the receiving party agrees with the claim of privilege or protection. The provisions of this section constitute an order pursuant to Federal Rule of Evidence Rules 502(d) and (e).

SO ORDERED THIS <u>20th</u> DAY OF <u>JUNE</u>, 2024.

                                         s/Nancy G. Edmunds
                                         Hon. Nancy G. Edmunds
                                         United States District Judge

## ATTACHMENT A

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CARLOS ADRIAN DELGADILLO, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>      Defendant. | Case No. 2:24-cv-10039-NGE-KGA<br><br>Hon. Nancy G. Edmunds |

### ACKNOWLEDGMENT AND AGREEMENT
### TO BE BOUND BY STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY AND RETURN OF DOCUMENTS

I, _____,  hereby acknowledge that I have read the foregoing Stipulated Protective Order Regarding Confidentiality and Return of Documents ("Order") entered in this case, understand the terms thereof, and agree to be bound by its terms.

I consent to the jurisdiction of the United States District Court for the Eastern District of Michigan in matters relating to this Order.  Furthermore, I understand that the terms of the Order obligate me to use the documents, materials, and information that have been designated as Confidential solely for the purpose of the above-

- 14 -

captioned action and for no other purpose. I agree that the documents, materials, and information that have been designated as Confidential will not be used by me in my business nor personal affairs, nor those of my employer or any other associated person, firm, or entity. Nor will I disclose such documents, materials, or information to any person, firm, or entity, except as permitted by the Order. I further agree to destroy or return documents to the producing party or third-party as instructed and according to the terms of that Order.

    I acknowledge that violation of the Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

                              _____

Date: _____     _____
                                                  Signature

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

Dated:  June 17, 2024

| | |
|---|---|
| KLEIN THOMAS LEE & FRESARD<br>By:/s/ *Thomas L. Azar, Jr.*<br>Stephen A. D'Aunoy (MO/54961)<br>Thomas L. Azar, Jr. (MO/56634)<br>100 N. Broadway, Suite 1600,<br>St. Louis, MO 63102<br>(314) 888-2970<br>steve.daunoy@kleinthomaslaw.com<br>tom.azar@kleinthomaslaw.com<br><br>Fred Fresard (P43694)<br>Ian Edwards (P82021)<br>101 W. Big Beaver Road, Suite 1400<br>Troy, Michigan 48084<br>(248) 509-9270<br>fred.fresard@kleinthomaslaw.com<br>ian.edwards@kleinthomaslaw.com<br><br>*Counsel for Defendant FCA US LLC* | KAUFMAN P.A.<br>By: /s/ *Avi R. Kaufman (w/ consent)*<br>Avi R. Kaufman<br>237 S Dixie Hwy, Floor 4<br>Coral Gables, FL 33133<br>(305) 469-5881<br>kaufman@kaufmanpa.com<br><br>COLEMAN PLLC<br>Stefan Coleman<br>law@stefancoleman.com<br>66 West Flagler Street, Suite 900<br>Miami, FL 33130<br>(877) 333-9427<br><br>APEX LAW<br>George T. Blackmore (P76942)<br>32900 Five Mile Road<br>Livonia, MI 48154<br>734-888-8399<br>gblackmore@apexgrouplaw.com<br><br>*Attorneys for Plaintiff and the putative Classes* |